IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES-THOMAS: MICHAELS-JR, ) | |
| ) | |
| Plaintiff ) | |
| v. ) | Civil No. 25-1091 |
| NICHOLAS E HOOD, et al., ) | |
| ) | |
| Defendants. ) | |

**Memorandum Opinion and Order**

Plaintiff commenced this pro se action by filing a motion to proceed *in forma pauperis* and attaching a Complaint for Violation of Civil Rights pursuant to 42 U.S.C. § 1983. Plaintiff sues six individuals, Pennsylvania State Trooper Nicholas E. Hood, Pennsylvania State Trooper Corporal Zachary M. Ochap, Magisterial District Judge Denise Lynn Snyder Thiel, Assistant District Attorney for Westmoreland County James Thomas Lazar. Judge of the Court of Common Pleas of Westmorland County Meagan Bilik-Defazio, and attorney Timothy C. Andrews. The motion to proceed *in forma pauperis* will be granted and the Clerk will be directed to file the Complaint. Upon review of Plaintiff's Complaint, the Court will, sua sponte, dismiss the Complaint in accordance with 28 U.S.C. § 1915(e), with leave to amend.

    I.    **Motion to Proceed in Forma Pauperis**

The Court must determine whether a litigant is indigent within the meaning of 28 U.S.C. § 1915(a). Upon review of Plaintiff's Motion and his affidavit in support, the Court finds the Plaintiff is without sufficient funds to pay the required filing fee. Thus, he will be granted leave to proceed *in forma pauperis*.

    II.    **Discussion**

Federal courts are required to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss any action that is (i) frivolous or malicious; (ii) fails to state a

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A review of the Complaint demonstrates that Plaintiff has failed to state any claim upon which relief can be granted.

### A. The Complaint

Plaintiff sues six state and local individuals, in both their individual and official capacities, alleging that said Defendants violated his rights under 42 U.S.C. § 1983. Compl. ECF No. 1-2, at 3, § II.A. The Form Complaint asks the litigant to identify "what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?" Plaintiff answered, in part, that he was denied due process; a conspiracy to impair the obligations of Contracts by public agents violating their Oath of Office; impairment of the right NOT to contract as a court-appointed attorney was assigned to represent him over his objection; denied writ of habeas corpus and right of judicial review. *Id.* at § II.B. Plaintiff continues by including several claims, purportedly based upon United States federal criminal statutes, that appear to have no relevance to this § 1983 federal lawsuit. With very few exceptions, federal criminal offenses are prosecuted by federal United States Attorneys. Plaintiff also refers to various state law claims, such as elder abuse, conversion, trespass, emotional distress, restraint of trade, and others.

The final question in the Basis of Jurisdiction section, asks the complainant to "explain how each defendant acted under color of state law or local law." *Id.* §II.D. In Plaintiff's five-paragraph response, he does not mention any of the individual Defendants he is suing, or any actions undertaken by any person. Instead, he states that the "COURT OF COMMON PLEAS agents, et al, acted under color of law in violation of 18 USC 241 and 242, when applying corporate legislative statutes on Land not Ceded to the United States . . . ." *Id.* The rest of

Plaintiff's response to this question includes references to authorities that are not cognizable in federal court. Moreover, much of what he is appearing to complain about has to do with state land administered under state law. Finally, Plaintiff refers to 16-pages, apparently attached to his 100-page Exhibit, as well as an 8-page Affidavit of Facts. The 100-page Exhibit consists almost entirely of pleadings prepared by Plaintiff, and filed pro se by Plaintiff, in his state court criminal proceedings. Such pleadings appear to have no connection to this civil rights action.

Section III of the Form Complaint asks a litigant to provide a statement of his claims, which consists of answering question such as, where the events occurred, when the events occurred, and the facts underlying the claims. In this portion of the Complaint, Plaintiff alleges that his claims arise out of events occurring in County 65 off of State Route PA 711 on Private Property way out of view of 199 Kupp Road, Bolivar, Pa 15923. §III.A. He provides the date and time as September 14, 2022, at approximately 10:00 am. §III.B. Section III.C. concerns the "facts underlying the claim," and asks precisely, "What happened to you? Who did what? Was anyone else involved? Who else saw what happened?" In Plaintiff's response, he merely refers to "First page attached -- See Affidavit(s) filed into the court record." Plaintiff does not specify where the "first page attached" is located, nor does he specify the location of the Affidavits that would provide the underlying facts.[1] As a result, Plaintiff does not provide any description of the facts underlying any claim. Plaintiff's responses to sections IV (Injuries) and V (Relief) are similarly unconnected to whatever the underlying factual events are in this case. In his request for Relief, Plaintiff refers the Court to "Page 16" of his 100-page Exhibit, which he avers was "filed into the court record." Compl. §V. Page 16 of the Exhibit, however, appears to be a

---

[1] There are at least two "Affidavits," filed pro se by Plaintiff in his state court criminal case, that Plaintiff may be referring to. ECF No. 1-3, at 59-65 & 75-80. Said Affidavits are state court records and appear, at best, to be concerned with litigating the actual criminal offenses lodged against Plaintiff.

3

pleading filed pro se by Plaintiff in his state court criminal case, and that, has no connection to this federal civil rights action.

Overall, Plaintiff has provided the identity of the Defendants and the date and location of the unnamed relevant events, but Plaintiff does not include any factual averments to explain to the Defendants, or the Court, who did what to whom. Nor does the Complaint state identifiable claims to be asserted against each Defendant. Plaintiff's 100-page Affidavit consists almost entirely of pleadings drafted by Plaintiff, and filed by Plaintiff pro se, in his criminal cases currently being litigated in the Court of Common Pleas of Westmoreland County.[2] With one exception, the attached documents do not provide any coherent description of the underlying facts of Plaintiff's section 1983 claims, or of any other claim. Similarly, the attached exhibits fail to describe the relief Plaintiff requests from this Court, in this civil rights action.

The burden of stating a claim upon which relief can be granted, as well as providing sufficient underlying facts to support said claims, is on the Plaintiff. The attached Exhibits appear to be, at least presently, irrelevant to Plaintiff's section 1983 action. In any event, it is incumbent upon the Plaintiff to specifically include the relevant information to support his claims within the body of his Complaint itself. It is not the Court's burden to scour the 100-page Exhibit to search for information relevant to Plaintiffs Complaint. That a plaintiff's allegations and supporting facts must be set forth within the complaint itself, while exhibits need not be included at all, is reinforced on the Form Complaint itself, which states on the first page that, "plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this Complaint." ECF No. 1-2, at 1.

---

[2] The Court notes that one of the documents Plaintiff filed in his state criminal case is a purported, "Notice of Removal Jurisdiction to Federal Court." ECF No. 1-3, at 1-2. The Removal Notice is dated July 14, 2025. His case was not removed to federal court because it is not legally possible for a criminal defendant to remove his state criminal proceeding to federal court.

### B. Underlying State Court Criminal Dockets

Plaintiff's 100-page Exhibit includes public documents concerning Plaintiff's underlying state court criminal case filed in the Westmoreland Court of Common Pleas, that appears to be the basis for the present federal lawsuit. *See* ECF No. 1-3, at 6-10.[3] The Westmoreland County court documents consist of one-page of a Magisterial District Judge Docket (MJ-10308-NT-0000245-2022); a Non-Traffic Citation/Summons issued by Trooper Hood on July 17, 2022; a one-page Confidential Information Form / Criminal Complaint, concerning plaintiff, dated September 14, 2022, and completed by Corporal Ochap; a two-page Police Criminal Complaint, filed September 14 2022, accusing Plaintiff of violating the laws of Pennsylvania; and an Affidavit of Probable Cause, dated September 14, 2022, completed by Corporal Ochap. The Affidavit recounts how Corporal Ochap and Trooper Hood were attempting to locate Plaintiff for a previous case. Corporal Ochap eventually saw Plaintiff in a vehicle he was known to drive, and chased him through several streets, and eventually conducted a traffic stop.

Plaintiff was arrested and his criminal case began in Magisterial District Court 10-3-09. Plaintiff was charged with Driving while operating privilege is suspended or revoked (3rd or subsequent violation), in violation of 75 Pa. Cons. Stat. § 1543(B)(1)(iii); two Counts of Turning Movements and Required Signals, in violation of 75 Pa. Cons. Stat. § 3334(a); and Driving at Safe Speed, in violation of 75 Pa. Cons. Stat. § 3361. Docket Number MJ 10309-CR-0000108-2022. On June 30, 2023, the case was transferred by District Judge Denise Lynn Snyder Thiel to the Westmoreland County Court of Common Pleas. Docket No. CP-65-CR- 0002311-2023.

---

[3] In evaluating the Complaint, the Court may consider the Magisterial District Court Docket at MJ-10308-NT-0000245-2022 and the Westmoreland County Court of Common Pleas Docket at CP-65-CR- 0002311-2023, because such documents are a matter of public record and because they are documents "integral to" Plaintiff's complaint. *Levins v. Healthcare Revenue Recovery Grp. LLC*, 902 F.3d 274, 279 (3d Cir. 2018), *In re Asbestos Prods. Liab .Litig. (No. VI)*, 822 F.3d 125, 133 n. 7 (3d Cir. 2016).

Defendant Court of Common Pleas Judge Meagan Bilik-DeFazio is the assigned Judge on the case. The prosecutor is Defendant Assistant District Attorney James Thomas Lazar. Plaintiff was provided with court-appointed defense counsel, Defendant Timothy C. Andrews. The "last action date" in the case is November 17, 2025, with an indication that an Active Bench Warrant for Plaintiff remains outstanding.

### C. Claims

The above information concerning Plaintiff's underlying state court criminal case provides some basic underlying facts; however, Plaintiff has only included in his Complaint, the date, time, and place of the event. Although the Court was able to obtain this additional factual information from public sources, Plaintiff's Complaint itself fails to state a claim upon which relief can be granted. All that is alleged in the Complaint is the bare claim that Plaintiff's civil rights were violated, that his due process rights were violated, and perhaps additional federal or state claims. There are no facts alleged to support any claim. There are no allegations as to the allegedly wrongful conduct engaged in by each Defendant. The fact that Plaintiff was involved n a police traffic stop and then arrested, without more, cannot form the basis of a section 1983 action. Likewise, there are no facts appearing in the state court criminal process that would support any cause of action against any Defendant. Thus, the Complaint will be dismissed for failure to state a claim upon which relief can be granted.

### D. Parties

In addition to dismissing all apparent claims, the Defendants in this matter are also subject to dismissal, without prejudice.

### 1. Judicial Defendants

The Judicial Defendants will also be dismissed. There are no factual allegations in the Complaint asserted against either of the Judicial Defendants, much less allegations explaining what actions the judicial defendants allegedly took that violated the Constitution or state law. At this point, there are no facts supporting a federal civil rights claim, or any other claim, against the Judicial Defendants. The Judicial Defendants are also protected from suit by judicial immunity for any acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Any claim to be asserted against the Judicial Defendants, under the present allegations, would relate to their respective roles as a Judge in connection with the criminal charges against Plaintiff stemming from his September 14, 2022 arrest. Plaintiff has not set forth any facts suggesting that either Judge acted in the absence of jurisdiction. Accordingly, the Judicial Defendants are also entitled to absolute immunity from Plaintiff's claims, as currently asserted. The Judicial Defendants will be dismissed.

### 2. Public Employee Defendants

The remaining four Defendants are public employees: Assistant District Attorney James Thomas Lazar, court appointed criminal defense attorney Timothy C. Andrews, Trooper Hood, and Corporal Ochap. There are no specific allegations against any of said Defendants that would support any claim. As such, they will be dismissed.

### III.   Conclusion

Plaintiff's Complaint does not "present[] cognizable legal claims to which a defendant can respond on the merits." *Garrett v. Wexford Health*, 938 F.3d 69, 93-94 (3d Cir. 2019). There are no factual allegations to support a claim upon which relief can

be granted and there are no causes of actions asserted against any named Defendant. Accordingly, all claims and all Defendants will be dismissed from this action.

Accordingly, the following Order is entered.

## ORDER

And now, this 21st day of November 2025, it is hereby ORDERED that Plaintiff's Motion to Proceed *in forma pauperis*, ECF No. 1, is GRANTED.

The Clerk is directed to file the Complaint, ECF No. 1-2, as the Complaint of record in this action.

Upon review of Plaintiff's Complaint, the Court, *sua sponte*, in accordance with 28 U.S.C. § 1915(e), finds that Plaintiff cannot support any claim against any of the Defendants.

All purported claims are dismissed for failure to state a claim upon which relief can be granted. As no facts have been asserted against any Defendant, all Defendants are dismissed. Leave to amend the Complaint is permitted.

IT IS HEREBY ORDERED that Plaintiff's Complaint is dismissed.

Plaintiff is permitted leave to amend his Complaint. Any amended complaint is due by December 30, 2025. If no amended complaint is filed by December 30, 2025, this case shall be dismissed and the case will be closed without further notice.

                                                       *s/Marilyn J. Horan*
                                                       Marilyn J. Horan
                                                       United States District Court Judge

James Thomas Michaels, Jr.
PO Box 199
Seward, PA 15954